### CUTTER *v.* DOUGHTY, 23 Wend. 513.
#### In S. Ct. 7 Wend. 305.

*Devise ; Construction.*

THE first clause of a will after giving the testator's wife a life estate in his farm, proceeded thus : "after her death I give to my *grand children* and to their heirs forever, my said farm, as follows, to wit, to the children of my *step daughter*, M., lot No. 1 ; to the children of my daughter S., lot No. 3 ;" and then providing for the children of three other daughters in the same way; the last clause was in these words : "It is my further will, that in case of the death of any of my said children, or my said step daughter, without lawful issue, the share or portion of my estate which by this my will would have gone to such issue, be equally divided among the *survivors* of my children or *grand children*, in the same proportion as herein before mentioned."

The Supreme Court held, that though in the devise of the property, the testator denominated the children of his step daughter his *grand children*, his naming them so in the clause devising the property, did not entitle them to claim, under the *last clause* of the will, a portion of the share of one of the daughters of the testator, on her dying without issue. But

The Court of Errors held, that the term "*grand children*". in *this clause*, embraced the children of his step daughter also, he having virtually declared such to be its meaning in the first clause.

Judgment <em>reversed</em> 13 to 11.

---

### SPRAKER *v.* VAN ALSTYNE, 18 Wend. 200.
#### In S. Ct. 13 Wend. 582.

*Devise ; Estate ; Legacy charged on Real Estate.*

IN this case, the Supreme Court held as follows :
"A devise of lands, (before the R. Stat.,) where there are no words of perpetuity, gives only *a life estate*; and a fee

will not be *implied* from a direction to the devisee to *pay the debts* of the testator, where such a direction is not made a *condition* to the devise, or declared a *personal charge* upon the devisee. A plaintiff in ejectment may recover a *less* estate than he claims in his declaration, and a verdict may be rendered in his favor for an *undivided part*, although in his declaration, he claims the whole of certain premises.

On a writ of error to the Court of Errors, the judgment was *reversed*, and that court held as follows:

Where a testator devised lands to two of his sons, *without words of perpetuity*, but directed them *to pay all his debts;* disposed of all his household goods and moveable effects to his wife, and created no estate in *remainder* as to the property devised to his sons; and where, from the tenor of the instrument, it was manifest that the testator *intended to dispose of his whole estate.* It was held that the charge upon the sons was *personal*, and that by necessary implication, they took a fee in the premises devised to them, although in other devises in the same will, words of perpetuity were used.

"It is manifestly the intention of the testator that the devisee shall pay debts or other charges, in respect to the lands devised to him, and not merely that he shall pay such debts or charges out of the *income or profits of the land devised*, the charge is *personal* upon the devisee, and he takes a fee by implication, although the devise be without words of perpetuity.

"Personal property, *specifically bequeathed,* and not as a mere residuum, is not the *primary fund* for the payment of debts, if by the same will, lands are given to the sons of the testator, *who are directed to pay his debts;* to exonerate the personal property in such a case, it is not necessary that there should be express words of exoneration."

21 for *reversal*, none for affirmance.